MARTIN, Circuit Judge,
Concurring:
Although I agree with the panel that Mr. Benavides’s conviction is due to be affirmed, I write separately because I believe the district court judge erred in her application of Federal Rule of Evidence 609 to Mr. Benavides’s questioning of Erich Ruiz.
*796 Having been called to testify by the government, Ruiz admitted that he had been arrested for participating in an illegal Internet pharmacy scheme. When counsel for Mr. Benavides sought to cross-examine Ruiz about a second set of charges stemming from the same incident, Ruiz claimed that those charges resulted only from his work for a pharmacist whose license had expired. The truth was far more serious, insofar as Ruiz had been charged with forging prescriptions and selling drugs without a prescription. Knowing this, Mr. Benavides’s counsel followed up, asking, “[w]ell, the first set of charges were [sic] selling drugs without a prescription. Right?” The prosecutor objected to the question, citing Rule 609. And the district court limited Mr. Benavides’s counsel “to bring[ing] up the fact that [Ruiz] has a prior conviction.”
The majority opinion affirms the district court on this issue, relying on an evidentiary rule that was not mentioned here or before the district court. The panel majority reads this exchange to “f[all] outside the ambit of Rule 609,” Op. 19, because it was not being introduced to attack Ruiz’s “character for truthfulness.” Fed.R.Evid. 609(a)(2) (emphasis added). Specifically, the majority says that Ruiz’s prior conviction was not being used to impeach his “credibility by showing that he had committed a crime involving dishonesty, but instead to show that [another prosecution witness] had taught Ruiz how to commit fraud.” Op. 18-19. Based on this, the panel opinion concludes that the prior conviction evidence was properly excluded under Rule 404(b), which would bar the evidence if it were being used to “to prove [Ruiz’s bad] character,” Fed.R.Evid. 404(b)(1) (emphasis added). Op. 18.
This analysis is puzzling to me. If it is true that Ruiz’s prior conviction evidence was being used to demonstrate a history of collaboration between Ruiz and “the Government’s star witness against Benavides,” Op. 2, then how, at the same time, is it correct to conclude that the evidence was rightly excluded because it was being used to prove Ruiz’s character? Beyond that, I do not see how Rule 404(b) could apply, given that defense counsel brought up this fact during cross-examination of a prosecution witness. See United States v. Morano, 697 F.2d 923, 926 (11th Cir.1983) (“Rule 404(b) does not specifically apply to exclude ... evidence [that] involves an extraneous offense committed by someone other than the defendant [because] the evidence was not introduced to show that the defendant has a criminal disposition ... so the policies underlying Rule 404(b) are inapplicable.”); see also United States v. Farmer, 923 F.2d 1557, 1567 (11th Cir.1991) (“The witness’s motive to testify falsely is merely an aspect of credibility controlled by Fed.R.Evid. 608. Motive in the context of Rule 404(b) refers to the motive for the commission of the crime charged.”) (quotations marks and alterations omitted) (quoting United States v. Sampol, 636 F.2d 621, 659 n. 24 (D.C.Cir. 1980).)
I think what happened is that the district court misapplied Rule 609, limiting the cross-examination of Ruiz too strictly. Mr. Benavides’s counsel asked Ruiz whether the charges brought against him had been for forging drug prescriptions, which is a crime involving dishonesty. Counsel presumably believed that the nature of that particular offense gave the jury an additional reason to question Ruiz’s veracity, and thus to disbelieve his testimony.
Plainly, Rule 609 requires the district court to admit the question raised by Mr. Benavides’s counsel. See Fed.R.Evid. 609(a)(2) “[E]vidence must be admitted” where a prior crime involved “a dishonest act or false statement.”; United States v. *797 Burston, 159 F.3d 1328, 1336 (11th Cir.1998) (holding that the district court abused its discretion by not admitting “evidence of the nature and number of a non-defendant witness’s prior felony convictions”).
The district court was correct that there is some limit to how far counsel can delve into the underlying facts of a conviction under Rule 609. Cf. United States v. Tumblin, 551 F.2d 1001, 1004 (5th Cir.1977) (holding that the prosecutor “exceeded a reasonable scope of questioning” when his inquiries began suggesting that the “defendant was a man who had spent most of his young life committing and serving time for crimes, rather than being gainfully employed”).[1] But, wherever that limit may fall, counsel for Mr. Benavides did not reach it here, simply by getting at the dishonest nature of the offense for which Ruiz had been convicted.
In drawing the Rule 609 line too soon, the district court prevented counsel from getting an answer to the basic question of whether Ruiz had been charged for the particular offense of forging prescriptions. In so doing, the district court deprived Mr. Benavides of a powerful basis for impeaching a critical witness against him. Thus, in my view, the district court abused its discretion when it construed Rule 609 to limit Mr. Benavides’s cross-examination of Ruiz only to “bring[ing] up the fact that [Ruiz] has a prior conviction.” See United States v. Frazier, 387 F.3d 1244, 1276 (11th Cir.2004) (stating that a “trial court abuses its discretion in making an evidentiary ruling if it misapplies the law.”) (quotation marks omitted). Nevertheless, for the same reasons given in the panel’s treatment of Mr. Benavides’s prosecutorial misconduct claim, I find this error harmless.

. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981), we adopted as binding all Fifth Circuit precedent prior to October 1, 1981.